# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| 45th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | 17- _1079_ -CZ. |

**Court address**
125 Main Street, Centreville, MI 49032

**Court telephone no.**
(269) 467-5531

**Plaintiff's name(s), address(es), and telephone no(s).**

RIEDSTRA DAIRY, LTD.,
a Michigan corporation
55985 Frank Jones Road
Mendon, MI 49072

v

**Defendant's name(s), address(es), and telephone no(s).**

McLANAHAN CORPORATION,
a foreign corporation
200 Wall Street
Hollidaysburg, PA 16648

National Registered Agents, Inc., Resident Agent
400 E. Court Avenue
Des Moines, IA 50309

**Plaintiff's attorney, bar no., address, and telephone no.**

Thomas M. Wardrop (P38268)
Wardrop & Wardrop, P.C.
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 459-1225

*Assigned to*
HON. PAUL STUTESMAN

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>December 15, 2017 | This summons expires<br>March 16, 2018 | Court clerk Lindsay Oswald |
|---|---|---|

Deputy

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Mendon, MI | Defendant(s) residence (include city, township, or village)<br>Hollidaysburg, PA |
|---|---|
| Place where action arose or business conducted<br>Mendon, MI | |

| Date<br>12/14/17 | Signature of attorney/plaintiff |
|---|---|

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

**PROOF OF SERVICE**

**SUMMONS AND COMPLAINT**
Case No. 17-_____-⌐

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date
of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to
complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
    List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s)
and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | Signature _____ |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) _____ |

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                              Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments

_____ on _____
                                          Day, date, time

_____ on behalf of *McLanahan Corporation*

Signature

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN<br>45th    JUDICIAL DISTRICT<br>     JUDICIAL CIRCUIT<br>     COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17- *1079* -CZ |
|---|---|---|

**Court address**
125 Main Street, Centreville, MI 49032        (269) 467-5531      **Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s).<br>RIEDSTRA DAIRY, LTD.,<br>a Michigan corporation<br>55985 Frank Jones Road<br>Mendon, MI 49072 | v | Defendant's name(s), address(es), and telephone no(s).<br>McLANAHAN CORPORATION,<br>a foreign corporation<br>200 Wall Street<br>Hollidaysburg, PA 16648 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Thomas M. Wardrop (P38268)<br>Wardrop & Wardrop, P.C.<br>300 Ottawa Avenue, NW, Suite 150<br>Grand Rapids, MI 49503<br>(616) 459-1225 | | National Registered Agents, Inc., Resident Agent<br>400 E. Court Avenue<br>Des Moines, IA 50309<br><br>*Assigned to*<br>HON. PAUL STUTESMAN |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>December 15, 2017 | This summons expires<br>March 16, 2018 | Court clerk Lindsay Oswald | *Pauline M Clark* |
|---|---|---|---|
| | | | Deputy |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Mendon, MI | Defendant(s) residence (include city, township, or village)<br>Hollidaysburg, PA |
|---|---|
| Place where action arose or business conducted<br>Mendon, MI | |
| Date<br>12/14/17 | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

| PROOF OF SERVICE |
| --- |

| SUMMONS AND COMPLAINT |
| --- |
| Case No. 17-_____-C□ |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
| --- |

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
       List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s)
and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                          Date

My commission expires: _____ Signature: _____
                   Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
| --- |

I acknowledge that I have received service of the summons and complaint, together with _____
                                              Attachments

_____ on _____
                            Day, date, time

_____ on behalf of _____
Signature

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>45th        JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17- *1079* -CZ |

| Court address<br>125 Main Street, Centreville, MI 49032 | | Court telephone no.<br>(269) 467-5531 |

**Plaintiff's name(s), address(es), and telephone no(s).**
RIEDSTRA DAIRY, LTD.,
a Michigan corporation
55985 Frank Jones Road
Mendon, MI 49072

v

**Defendant's name(s), address(es), and telephone no(s).**
McLANAHAN CORPORATION,
a foreign corporation
200 Wall Street
Hollidaysburg, PA 16648

National Registered Agents, Inc., Resident Agent
400 E. Court Avenue
Des Moines, IA 50309

**Plaintiff's attorney, bar no., address, and telephone no.**
Thomas M. Wardrop (P38268)
Wardrop & Wardrop, P.C.
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 459-1225

*Assigned to*
HON. PAUL STUTESMAN

---

**SUMMONS**    **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a **written answer with the court** and serve a copy on the other party or **take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>December 15, 2017 | This summons expires<br>March 16, 2018 | Court clerk Lindsay Oswald | |
| | | | Deputy |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| | | |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Mendon, MI | Defendant(s) residence (include city, township, or village)<br>Hollidaysburg, PA |
| Place where action arose or business conducted<br>Mendon, MI | |
| Date<br>12/14/17 | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (6/17)   **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

| SUMMONS AND COMPLAINT |
| Case No. 17-_____ |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date
of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to
complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE**       OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s)
and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
|  |  |  |  | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                              Date

My commission expires: _____ Signature: _____
                              Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments

_____ on _____
                                              Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE 45th CIRCUIT COURT FOR THE COUNTY OF ST. JOSEPH

RIEDSTRA DAIRY, LTD.,
a Michigan corporation,

      Plaintiff,

v

McLANAHAN CORPORATION,
a foreign corporation,

      Defendant.

_____/

Case No. 17-_*1079*_____-CZ

Hon. Paul Stutesman

Assigned to
HON. PAUL STUTESMAN

Thomas M. Wardrop (P38268)
WARDROP & WARDROP, P.C.
Attorneys for Plaintiff
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 459-1225
mac@wardroplaw.com

_____/

ORIGINAL FILED

DEC 1 5 2017

LINDSAY OSWALD
ST. JOSEPH COUNTY CLERK

## **COMPLAINT**

      There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

      Riedstra Diary, Ltd., by and through its attorneys, Wardrop & Wardrop, P.C., and for its Complaint against McLanahan Corporation, states as follows:

### **Jurisdiction, Venue, Parties and Background**

    1.    Plaintiff Riedstra Dairy, Ltd. ("Riedstra Dairy") is a Michigan corporation that conducts business in St. Joseph County, Michigan.

    2.    Defendant McLanahan ("Defendant") is a foreign corporation that regularly conducts business in Michigan.

3.     The amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorney's fees, and jurisdiction otherwise lies in this Court.

## Common Factual Allegations

4.     At all times relevant herein, Riedstra Dairy was a customer of McLanahan.

5.     Defendant provided Riedstra Dairy with a "quote" for a "Polymer Prep" Filter Press System for manure management ("Polymer Prep System").

6.     Defendant switched out the Polymer Prep Filter System for a Hydrated Lime Filter Press System ("Hydrated Lime System").

7.     The Hydrated Lime System is different than the Polymer Prep Filter System.

8.     Riedstra Dairy and Defendant did not enter into any written agreement regarding the Hydrated Lime System.

9.     Defendant tried until the end of 2016 to install a functional Hydrated Lime System at Riedstra Dairy's property.

10.    To date, Defendant has been unable to install an operational Hydrated Lime System at Riedstra Dairy's property.

A.     *Defendant – Overview and Promises*

11.    Defendant "has provided equipment and solutions for a variety of processing applications."

12.    Defendant "takes each customer's application needs into consideration when recommending equipment and creating a process solution."

13.    Defendant claims that it can make a customer, such as Riedstra Dairy, "more efficient, more productive and more profitable" and backs this up with its "service and support that lasts the entire life of [the] machine."

14.    Defendant offers farms, such as one operated by Riedstra Dairy, "Complete Manure Management Solutions."

2

15.     Defendant offers equipment to improve a "dairy's environmental footprint" including "sand-manure separators," "liquid-solid separators," "nutrient separation system," and "manure management system design."

16.     Defendant claims that it provides customers, such as Riedstra Dairy, with "24/7 customer service" and "continued service and support."

17.     Defendant tells customers, such as Riedstra Dairy, that Defendant will assign a "full-time project manager" to every project.

18.     Defendant states that McLanahan's Project Management Department maintains contact during each stage of the process including sales, engineering, production, shipping and start-up."

19.     Defendant contends that its Process Engineering Department "is made up of engineers and applications experts that understand more than how to design equipment – they understand material processing needs from start to finish."

20.     Defendant states that is Process Engineering Department "provides an essential service to customers by being able to make sure that equipment fits into the entire process for each application to ensure material is meeting desired specifications."

21.     Defendant holds itself out as "a leader in process design knowledge."

22.     Defendant takes responsibility for "all product innovations."

23.     Defendant contends that "each solution" it proposes has "undergone extensive research and development to be one of the safest, simplest and smartest pieces of equipment on the market."

24.     Defendant represents that each piece of equipment that goes through McLanahan Corporation's research and development process is the right fit for customers' needs.

**B.**     *World Dairy Expo*

25.     Al Riedstra from Riedstra Dairy was presented information about the Polymer Prep System by Renee Schrift at the World Dairy Expo in Madison, Wisconsin.

26.     During her sales presentation, Renee Schrift made the following representations:

    A.     The system would work;

    B.     If the system did not work, then Defendant would take the equipment back and refund the money; and

    C.     Defendant had the system working at a different location.

**C.**     *Defendant's Sale of the Polymer Prep Filter Press System, The Change to a Hydrated Lime System and The Installation of the Hydrated Lime Filter Press System*

27.     On November 5, 2014, Renee Schrift, Sales & Customer Service Manager – Agricultural Division, Defendant sent Al Riedstra an email that stated as follows:

> "Al, here are the results from the samples we collected off the line following the rotary drum.  Overall, it is what we expected and the treatment costs will be in line with the numbers we presented during our meeting.  I am still working on the system price discount.
>
> I will have something to you soon.  We should talk before this Friday."

28.     On December 9, 2014, Renee Schrift sent Al Riedstra a quotation for "Polymer Pre" filter press.

29.     On January 25, 2015, Renee Schrift sent Al Riedstra a summary of test results regarding "hydrated lime v polymer."

30.     On April 6, 2015, Renee Schrift sent Al Riedstra an email that stated as follows:

> "Need to talk thru a couple process details and end product (tea water) and where this will end up."

31.     On April 22, 2015, Renee Schrift sent Al Riedstra (and Bill Reurink) an email that stated as follows:

> "Here are the recent test results on P2O5 on your manure and water from the Slope Screen and what we ran thru our filter press at our demo location.

The P2O5 is concentrated up to 4 x in the Cake.  Water or filtrate leaving
the press is P free."

32.    On April 22, 2015, Renee Schrift sent Al Riedstra (and Bill Reurink) a "Manure
Analysis Report" that was run by A&L Great Lake Laboratories, Inc. for Defendant.

33.    As of May 22, 2015, Defendant still had not fully designed the Hydrated Lime
System that it was proposed to install on the Riedstra Dairy Farm.

34.    On July 15, 2015, Renee Schrift sent to Al Riedstra an email that stated as follows:

"Rob Plank and I will be heading to your site tomorrow for a 2:00PM
meeting.  We would like to review the following.

1_Location of the system and get your approval

2_Time line for shipment and delivery

3_Installation – we asked Bob Komro to provide a bid

4_Review any engineering layouts or concrete designs needed for Bill to
start.

**It would be good to have you there to review.  Once we cover the
above we will proceed and work to have the system installed and
ready for startup mid-October – hopefully.**

I will give you a call later today – hope we can connect." (Emphasis
added.)

35.    On October 21, 2016, Renee Schrift sent to Al Riedstra an email that provided as
follows:

Al,

Here is the plan for next week.

Tyler Salyards will be onsite Monday.

Jim Wallace, Rob Plank and Tyler will run test using polymer, line and ferric on Tuesday,
Wednesday and possibly Thursday morning to try and achieve a lower operation or
treatment cost, pH of 8 and get a cake that has good release properties.

We would also like to know if you can tolerate a cake product that has some moisture to it.
Can you bulk it up with other fiber, sawdust or organics?  We know using polymer will
lower the cost, but it might produce a cake that is not so tight and dry.  This is why we ant
to still use the lime, but also keep in mind you want the pH to be 8 or under.  The 8 pH is

5

something we had not discussed in the past. In the past when we tested with Lime and Ferric we were in the 10 to 12 pH range.

36.   On January 14, 2017, Al Riedstra sent to Renee Schrift an email that provided as

follows:

"Thank you for stopping by with Andrew a few weeks ago to discuss the happenings or lack of happening as it pertains to your press. I have not seen any correspondence from yourself or the company so I feel compelled to write as was spoken of and in regard to finding resolve.

Monies spent by Riedstra Dairy and theses are approximates.

| Dollars sent to | McLanahan Lapine plumbing Company | $ $105,000.00 includes rework requested by you |
|---|---|---|
| | Kowasski Electric | $ 27,500.00 |
| | Consumers Energy | $ 8,500.00 |
| | WLR Ag contrut | $ 87,500.00 |
| | Misc cost | $ 50,000.00 |
| | Compp Air | $ 57,000.00 |
| | Lime/chem | $ 5,000.00 |
| | Crane cost | $ 15,000.00 |

Not sure if I missed any but will add if such information is found.

Believe we spoke of choices and certainly we have spoken of cost to operate – you in no way have made the machine perform in any sense and any and all cost associated with operation are no less than double what was spoke of if not quadruple. In no way should or would any company stand for investing in equipment that is and cannot operate to date nor has nor did it. If weather or temperature considered to be the current reason – sometime in late summer you and your company were given the opportunity to do so, and in some sense abandoned the goal or operation of such.

I believe we have been patient."

D.   ***Payments for the Hydrated Lime System***

37.   On or about December 20, 2014, Riedstra Dairy paid Defendant $250,000.00

38.   On or about July 15, 2015, Riedstra Dairy paid Defendant $200,000.

39.   On or about July 29, 2015, Riedstra Dairy paid Defendant $350,000.00.

40.   On or about December 31, 2015, Riedstra Dairy paid Defendant $190,000.00

41.    Riedstra Dairy also purchased an air compressor – from Moisture Air Systems – that was needed for the Hydrated Lime System.

E.    ***Rejection of Hydrated Lime System***

42.    Riedstra Dairy has rejected the Hydrated Lime System.

43.    Defendant has failed to remove the Hydrated Lime System and supporting equipment from Riedstra Dairy's property.

44.    Defendant has failed to return the monies paid by Riedstra Dairy to Defendant for the Hydrated Lime System.

**COUNT I**
**Breach of Contract**

45.    The preceding paragraphs are hereby repeated and re-alleged as if fully set forth herein.

46.    Riedstra Dairy and Defendant entered into a valid and binding contract concerning the Hydrated Lime System.

47.    Riedstra Dairy has complied with all of its obligations under the contract.

48.    Defendant has breached the contract by failing to provide a fully operational Hydrated Lime System.

49.    Defendant has breached the contract by abandoning the project before it was completed.

50.    Defendant has actual notice of its breach of the parties' contract.

51.    As a result of Defendant's breach, Riedstra Dairy has suffered damages in excess of $25,000, exclusive of interest, costs and attorney's fees.

52.    Consequently, Defendant is liable to Riedstra Dairy for its damages.

## COUNT II
### Fraud

53.    The preceding paragraphs are hereby repeated and re-alleged as if fully set forth herein.

54.    Defendant made certain misrepresentations of material fact regarding the Hydrated Lime System:

- Falsely representing that the system would work;

- Falsely representing that the system had worked at a different location;

- Falsely representing that the treatment costs would be as proposed; and

- Falsely representing that the system would be operational in 2015.

55.    Defendant's representations were false and misleading.

56.    Defendant made these representations knowingly and recklessly with respect to their truth or falsity.

57.    Defendant made these representations with the intent that Riedstra Dairy would rely on them.

58.    Riedstra Dairy justifiably relied on the representations to its detriment.

59.    As a result of Defendant's representations, Riedstra Dairy has suffered damages.

## COUNT III
### Silent Fraud

60.    The preceding paragraphs are hereby repeated and re-alleged as if fully set forth herein.

61.    Defendant failed to disclose material facts that it had a duty to disclose, including:

A.    That Defendant had no prior experience with this type of system in a dairy operation;

B.    That the operational costs were speculative; and

C.    Defendant had no economical feasible way to control the pH in the end product.

62.     Defendant had actual knowledge of the fact that Riedstra was relying on the system to be installed and operational in 2015 and that the costs would be in line as proposed by Defendant.

63.     Defendant's failure to disclose the foregoing facts caused Plaintiff to have a false impression regarding the Hydrated Lime System.

64.     When Defendant failed to disclose the foregoing facts, Defendant knew the failure would create a false impression.

65.     When Defendant failed to disclose the foregoing facts, Defendant intended that Riedstra Dairy would rely on the resulting false impression.

66.     Riedstra Dairy relied on the false impression.

67.     Riedstra Dairy was damaged as a result of its reliance.

## COUNT IV
### Innocent Misrepresentation

68.     The preceding paragraphs are hereby repeated and re-alleged as if fully set forth herein.

69.     Defendant made representations of material fact, including the ones stated herein.

70.     Defendant made these representations in connection with the sale of the Hydrated Lime System.

71.     The representations were false when Defendant made them.

72.     Riedstra Dairy would not have entered into the contract if Defendant had not made the foregoing representations.

73.     Riedstra Dairy suffered a loss as a result of entering into the contract with Defendant.

74.     Riedstra Dairy's loss benefitted Defendant.

9

## COUNT V
### Unjust Enrichment

75.     The preceding paragraphs are hereby repeated and re-alleged as if fully set forth herein.

76.     Defendant has received payments for the Hydrated Lime System, as stated above, and profits from the sale of the Hydrated Lime System, that are unjust, unfair, inequitable, and should be turned over to Riedstra Dairy.

77.     These benefits have come at Riedstra Dairy's expense, and it would be inequitable for Defendant to retain the benefits.

78.     Defendant has been unjustly enriched at Riedstra Dairy's expense.

79.     Defendant is responsible for Riedstra Dairy's damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Riedstra Dairy Ltd. Respectfully requests that the Court award the following relief:

A.     Enter a Judgment in favor of Riedstra Dairy on all counts and award Riedstra Dairy all of its damages;

B.     Award Riedstra Dairy all of its direct, incidental, and consequential damages suffered as a result of Defendant's breach;

C.     Award Riedstra Dairy its litigation costs, interest and attorney's fees; and

D.     Grant such other relief that this Court deems equitable, just, and appropriate.

Respectfully submitted,

WARDROP & WARDROP, P.C.
Attorneys for Plaintiff

Dated:  December 12, 2017          By:_____

                                   Thomas M. Wardrop (P38268)
                                   300 Ottawa Avenue, NW, Suite 150
                                   Grand Rapids, MI  49503
                                   (616) 459-1225
                                   mac@wardroplaw.com

803336.112717.Complaint

10





Visit **ups.com**® or call **1-800-PICK-UPS®** (1-800-742-5877)
to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

- To quali...
  correspo...
  weigh 8
  those lis

**Internatio**

- The UPS
  value. C...
  ups.com
- To qualif
  UPS Exp...

Note: Exp...
containing
or cash ec...

... IPC F-xpress Envelopes may only contain

THOMAS M. WARDROP
616-459-1225
WARDROP & WARDROP, P.C.
300 OTTAWA AVENUE, NW, STE. 15
GRAND RAPIDS  MI 49503

0.3 LBS    LTR        1 OF 1

*23 West*

SHIP TO:
JOSEPH B. CRACE, JR., ESQ.
BASS BERRY & SIMS PLC
SUITE 2800
150 THIRD AVENUE SOUTH
NASHVILLE  TN 37201-2017

TN 371 9-02

**UPS NEXT DAY AIR**                    1
TRACKING #: 1Z E06 5R2 01 9922 7281

BASS BERRY & SIMS
150 3RD AVE S
STE 2800
NASHVILLE TN 37201-2002

P:WHITE     S: BWZ     I: SOU
VANO ---- 5483     X  A
1ZE06R5R2019922      7281      1800
TEN23J3
UPS   3722    THUN181UPC DEC 21 08:49:22 2017
H1P 17.00.01 2ED6R2141H                © 93.0A 10/2017

---

Serving you for more than 100 years
United Parcel Service.

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195101  4/14  PAC  United Parcel Service

UPS Worldwide Express™
UPS 2nd Day Air®

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground

**xpedited**®





Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

**PROOF OF SERVICE**     **SUMMONS AND COMPLAINT**    Case No. 17- *1079* -

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
    Date

My commission expires: _____ Signature: _____
      Date                     Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                             Attachments

on *January 17, 2018    9:00 a.m.*
   Day, date, time

*Kevin Dougherty*       on behalf of *McLanahan Corporation*
Signature