UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIEDSTRA DAIRY LTD.,

    Plaintiff,

v.                                          Case No. 1:18-CV-77

McLANAHAN CORPORATION,          HON. GORDON J. QUIST

    Defendant.
_____/

**OPINION**

Plaintiff, Riedstra Dairy Ltd., filed a complaint against Defendant, McLanahan Corporation, in the St. Joseph County Circuit Court alleging state-law claims of breach of contract, fraud, silent fraud, innocent misrepresentation, and unjust enrichment, all arising out of McLanahan's sale to Riedstra of a Membrane Recessed Plate Filter Press System for manure management. (ECF No. 1-1 at PageID.12.) On January 19, 2018, McLanahan removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1.) In particular, McLanahan alleged that Riedstra is a Michigan corporation with its principal place of business in Michigan and McLanahan is a Pennsylvania corporation with its principal place of business in Hollidaysburg, Pennsylvania. (*Id.* at PageID.2.)

Following the removal, McLanahan filed a motion to dismiss for forum non conveniens. McLanahan argues that this Court is not the proper forum for Riedstra's complaint because the parties' contract contains a valid and mandatory forum selection clause requiring that all lawsuits regarding the contract be brought in Blair County, Pennsylvania court. Riedstra has filed a response, and McLanahan has filed a reply.

For the foregoing reasons, the Court will grant the motion and dismiss Riedstra's complaint without prejudice.

**I. BACKGROUND**

Riedstra is a Michigan corporation that operates a large dairy farm in Mendon, Michigan. (ECF No. 1-1 at PageID.12; ECF No. 6 at PageID.55.) McLanahan is a Pennsylvania corporation with its principal place of business in Pennsylvania that designs, manufactures, and sells agricultural equipment. (ECF No. 1 at PageID.2; ECF No. 1-1 at PageID.12–14.)

In 2014, Riedstra's representative, Al Riedstra, met Renee Schrift, McLanahan's representative, at the World Dairy Expo in Madison, Wisconsin. (*Id.* at PageID.14.) During their meeting, Schrift made a sales presentation to Riedstra about the benefits and operation of a McLanahan Dairy Filter Press system. On or about December 5, 2014, McLanahan sent a quotation to Riedstra for a Recessed Plate Filter Press System (Filter Press System) for manure management. (ECF No. 1-1 at PageID.14; ECF No. 5-1 at PageID.45, 48–53.) The Filter Press System included the filter press, a polymer prep system, a ferric feed pump, a wash system, and required meters and safety equipment. (ECF No. 5-1 at PageID.48–49.) Al Riedstra signed the quotation on behalf of Riedstra on December 15, 2017. (*Id.* at PageID.49.) The quote incorporated McLanahan's Domestic Terms & Conditions of sale, which included the following provisions:

> 1.3   CANCELLATION OF THE AGREEMENT; TERMINATION COSTS - If you accept this quotation and offer (so long as it has not previously been rescinded by us) it becomes a legally binding agreement between us. Neither of us may cancel this written agreement unless we both agree in writing to cancel it. . . .
>
> . . . .
>
> 1.16   GOVERNING LAW; DISPUTE RESOLUTION - We agree that the law of the state of Pennsylvania will govern this agreement. You agree that before you seek to bring a legal claim against us you will first attempt to negotiate in good faith a resolution to any dispute arising out of this agreement. We will have thirty (30) days to conduct such negotiations prior to you filing suit. If we fail to achieve resolution

> of your dispute after negotiating in good faith, and if you decide to bring a law suit against us, *you agree that such a suit may only be brought in Blair County, Pennsylvania court*. If we are required for any reason to bring legal action against you, you agree to submit to the exclusive jurisdiction of the courts of the State of Pennsylvania.

(*Id.* at PageID.50, 53 (italics added to paragraph 1.16).)

Riedstra alleges that after it signed the quote for the Polymer Prep System, McLanahan "switched out the Polymer Prep Filter System for a Hydrated Lime Filter Press System." (ECF No. 1-1 at PageID.12.) Riedstra further alleges that it did not enter into any written agreement with McLanahan regarding the hydrated lime filter prep system. (*Id.*) Elsewhere, in Count I of its complaint, Riedstra alleges that the parties "entered into a valid and binding contract concerning the Hydrated Lime System," and that McLanahan "has breached the contract by failing to provide a fully operational Hydrated Lime System," and by abandoning the project before completing it. (*Id.* at PageID.17.)

Riedstra filed its complaint in this case on December 15, 2017, in the St. Joseph County, Michigan Circuit Court. On January 5, 2018, McLanahan filed a collection case against Riedstra in the Court of Common Pleas of Blair County, Pennsylvania. (ECF No. 6 at PageID.72–73.)

## II. DISCUSSION

McLanahan argues that the Court should dismiss this case based on the doctrine of forum non conveniens because the parties' contract contains a mandatory forum selection clause providing that the Blair County, Pennsylvania, court has exclusive jurisdiction over claims arising from the contract. The Sixth Circuit holds that the doctrine of forum non conveniens "falls within the court's inherent authority." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (citing *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 364 (6th Cir. 2008)). When, as is the case here, a forum selection clause points solely to a state forum, the

3

proper mechanism for enforcement of the forum selection clause is through the doctrine of forum non conveniens. *Atl. Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 60–61, 134 S. Ct. 568, 580 (2013).

Initially, the Court must determine whether the forum selection clause set forth in paragraph 1.16 of the contract is valid and enforceable. Factors bearing on this inquiry are "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Wong*, 589 F.3d at 828 (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). The party seeking to avoid the clause "bears the burden of showing that the clause should not be enforced." *Id.* (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)). Riedstra does not argue that the clause should not be enforced for any of the foregoing reasons. That is, Riedstra appears to concede that if the clause is enforceable in the instant case, a Blair County, Pennsylvania court is the only proper forum.[1]

Riedstra argues that the forum selection clause is not applicable in this case because, instead of installing the polymer system, McLanahan installed the hydrated lime system, and there is no written contract for the hydrated lime system. (ECF No. 6 at PageID.57.) Riedstra's argument is untenable. As Riedstra admits, it accepted McLanahan's quotation for the Filter Process System, including McLanahan's Domestic Terms & Conditions of Sale, which contained the forum selection clause. Although Riedstra argues that the parties' subsequent agreement changing one component of the system—from a polymer prep system to a hydrated lime prep system—resulted in a new, oral

---

[1] Riedstra does not argue that the forum selection clause designates the state court in Blair County as the exclusive forum. The clause is limited to courts in that county, in which no federal courts are located.

4

contract, Riedstra offers no evidence to support its claim that the parties entered into a new agreement. Paragraph 1.3 of the terms and conditions specifically provides that, once accepted, the quote becomes a binding contract that may be cancelled only in writing. Although both Michigan and Pennsylvania courts permit parties to contracts with written modification clauses to orally agree to a modification, the party urging an oral modification must present "clear and convincing evidence that the parties mutually agreed to a modification or waiver of the contract."[2] *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 371–72, 666 N.W.2d 251, 257 (2003); *see also Hampden Real Estate, Inc. v. Metro. Mgmt. Grp., Inc.*, 142 F. App'x 600, 603 (3d Cir. 2005) (noting that "well-settled" Pennsylvania law permits parties to a written contract that requires written modifications to orally modify the contract if "proven by 'clear, precise and convincing evidence'") (quoting *Fina v. Fina*, 737 A.2d 760, 765 (Pa. Super. 1999)). Riedstra offers no evidence of an oral modification, let alone clear and convincing evidence.

"[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 61, 134 S. Ct. at 580. Generally, in conducting a forum non conveniens analysis, a court balances relevant private- and public-interest factors to determine whether "the chosen forum is unnecessarily burdensome to a defendant or a district court." *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523 (6th Cir. 2010) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09, 67 S. Ct. 839, 843 (1947)). In addition, a court normally assigns "a strong presumption in favor of a plaintiff's selected forum, particularly

---

[2] As McLanahan also notes, Riedstra's oral contract claim would fail in any event because the Uniform Commercial Code's statute of frauds for a sale of goods for more than $1,000.00 in Michigan, and $500.00 in Pennsylvania, would bar any alleged oral contract. M.C.L. § 440.2201(1); 13 Pa. C.S.A. § 2201(a).

5

if the forum is the home of the plaintiff." *Id.* at 524 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S. Ct. 252, 266 (1981)). However, the presence of a forum selection clause requires a court to alter the analysis. *Atl. Marine*, 571 U.S. at 62, 134 S. Ct. at 581. First, the court gives the plaintiff's choice of forum no weight. Instead, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63, 134 S. Ct. at 581. Second, the court should not consider private-interest arguments. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64, 134 S. Ct. at 582. Thus, the court may consider arguments regarding public-interest factors only, and "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* In short, "[i]n all but the most unusual cases, . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 66, 134 S. Ct. at 583.

A straightforward application of the principles in *Atlantic Marine* requires dismissal of this case in favor of the parties' chosen forum. The Court accords no weight to Riedstra's choice of forum and does not consider private-interest factors. As for public-interest factors—"administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty," *Piper Aircraft*, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6 (quoting *Gulf Oil*, 330 U.S. at 509, 67 S. Ct. at 843)—Riedstra fails to make any persuasive argument that this is an unusual case meriting disregard of the parties' contractual choice of forum.

## III. CONCLUSION

For the foregoing reasons, the Court will grant McLanahan's motion and dismiss Riedstra's complaint without prejudice.

An Order consistent with this Opinion will be entered.


Dated: May 11, 2018                                /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE