UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RIEDSTRA DAIRY LTD.,

    Plaintiff,

v.

McLANAHAN CORPORATION,

    Defendant.
    _____/

Case No. 1:18-cv-00077

Hon. Gordon J. Quist

| | |
|---|---|
| Thomas M. Wardrop (P38268)<br>WARDROP & WARDROP, P.C.<br>Attorneys for Plaintiff<br>300 Ottawa Avenue, NW, Suite 150<br>Grand Rapids, MI 49503<br>(616) 459-1225<br>mac@wardroplaw.com | Kevin G. Dougherty (P44207)<br>Emily S. Rucker (P79228)<br>WARNER NORCROSS & JUDD LLP<br>Attorneys for Defendant<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, MI 49503-2487<br>(616) 752-2000<br>kdougherty@wnj.com;<br>erucker@wnj.com |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION
## RE: MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

### INTRODUCTION

In its Opinion supporting the Order granting Defendant's Motion to Dismiss for *Forum Non Conveniens*, the Court determined that the parties had not entered into a new contract relating to the Hydrated Lime-based Filter Press System. Therefore, the Court enforced the provisions of the Quote that was signed by Riedstra Dairy Ltd. This determination by the Court was erroneous because the Court was misled by the Defendant and the Court failed to consider the Affidavit of Al Riedstra. In addition, the

terms and conditions of the Quote prevent the relief granted to Defendant and, therefore, the Court's ruling should be reconsidered and reversed.

## LAW AND ARGUMENT

### I. Riedstra Dairy Ltd. Is Not Suing To Enforce The Quotation For The Polymer Prep System And, Therefore, The Forum Selection Clause Does Not Apply.

The crux of the Court's decision is that the parties did not enter into a separate contract for the Hydrated Lime-based System.

#### A. Contrary To The Court's Finding, Riedstra Dairy Ltd. Did Provide Evidence Of A New Contract.

In its Opinion, the Court stated that "Riedstra Dairy offers no evidence to support its claim that the parties entered into a new agreement." This is false.[1] Not only did Riedstra Dairy Ltd. provide evidence of a new contract, but Defendant's sales representative also provided evidence of a new contract. Al Riedstra, in his Affidavit, stated as follows:

> 5. Defendant never informed Riedstra Dairy that it had "discovered through extensive testing at several dairies" that the polymer prep system did not work – see Paragraph 6 of B. Prenatt Declaration – ECF No 5-1.
>
> 6. Riedstra Dairy did not agree to the use of the "lime system in lieu of the polymer system."
>
> 7. Instead, Riedstra Dairy agreed to purchase a hydrated lime system from Defendant, based upon the representations of Defendant.
>
> *[Note: This is the new contract.]*
>
> 8. The hydrated lime system is different from the polymer system – it has additional equipment and, if it worked the way Defendant promised (which it never has), it

---

[1] Riedstra Dairy Ltd. is not suing to enforce its contract with Defendant for the polymer prep system because Defendant never installed such a system.

2

would require constant regulation and monitoring of pH of the end products.[2]

Defendant sales representative stated in her Declaration as follows:

> 6. After the Contract between McLanahan and Riedstra Dairy was executed, Al Riedstra and I verbally discussed changing from polymer to lime in order to make the Filter Press System function better. Al Riedstra verbally agreed to the change. McLanahan considered this change to be a modification of the Contract to change one component of the Filter Press. The Contract was never cancelled.[3]

The terms and conditions relating to the Quote for the polymer-based system do not provide for "verbal" changes to the contract. In fact, the Terms and Conditions of the Quote state as follows:

> 1.14 **ENTIRE AGREEMENT** – If you accept these terms and conditions, you agree that together with the quotation attached to these terms and conditions, these documents will constitute the entire agreement between us. Any prior oral or written agreements, representations, or understandings, express or implied, are excluded and are not a part of our agreement.[4]

Therefore, by converting the system from a polymer prep system to a Hydrated Lime-based System, a new contract was entered into. [If Riedstra Dairy had sued for the polymer prep system, the forum selection clause, the integration clause and other clauses of the terms and conditions would apply. However, since the

---

[2] Affidavit of Al Riedstra, ECF No. 8-2, Page ID. 90-91.
[3] ECF No. 9-1, Page ID. 100-101. This was not a change of "one component" – it was a change of several components and of the whole system. See Affidavit of Al Riedstra, ECF No. 8-2, Page ID. 90-91.
  Defendant's Global General Manager, Bradley Prenatt, admitted the polymer prep system did not work. ECF No. 5-1, Page ID. 45-46. This system (polymer prep) was the system covered by the parties' initial contract (the Quote). Since the <u>system</u> the parties contracted for did not work – they entered into a new contract for the Hydrated Lime-based System. Contrary to Defendant's allegations, this system was not substituted "in lieu of the polymer system." See Affidavit of Al Riedstra - ¶6. ECF No. 8-2, Page ID. 90-91.
[4] Both Riedstra Dairy Ltd. and Defendant admit that they entered into an oral agreement involving the purchase of a Hydrated Lime-based System – *i.e.*, new contract.

3

Defendant admits that it provided a Hydrated Lime-based System, this new contract should also include the representations that were made to Riedstra Dairy (*e.g.*, that the Hydrated Lime-based System would work).[5] Otherwise, Riedstra Dairy will be forced to accept the Hydrated Lime-based System and all of the other terms and conditions contained within the Quote, including a limited warranty which contradicts Mr. Riedstra's Affidavit.]

### B. **The Court Was Misled By Defendant Relating To The Switch From A Polymer Prep System To A Hydrated Lime-based System.**

In its reply brief, Defendant claims that the switch from a polymer prep system to a Hydrated Lime-based System as merely a substitution of a "component" part. This allegation is contrary to Al Riedstra's Affidavit.[6] As Mr. Riedstra explained:

> 8. The hydrated lime system is different from the polymer system – it has additional equipment and, if it worked the way Defendant promised (which it never has), it would require constant regulation and monitoring of pH of the end products.

It would be inappropriate and inequitable for the Court to accept the Defendant's "component part" argument unless the Court was willing to make further findings that the oral representations made to Riedstra Dairy Ltd. by Defendant are also included in a revised contract. In other words, the Defendant does not get to hide behind the terms and conditions of the Quote after installing a new system which is drastically different from the one that is described in the Quote.

---

[5] Affidavit of Al Riedstra, ECF No. 8-2, Page ID. 90-91.
[6] Affidavit of Al Riedstra, ECF No. 8-2, Page ID. 90-91.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Riedstra Dairy Ltd. requests the Court reconsider its decision, as authorized by W.D.Mich. LCivR 7.4, reverse its initial decision and retain jurisdiction over this case and allow this case to proceed to trial in this Court. Riedstra Dairy Ltd. also requests any additional relief the Court deems is equitable and just.

WARDROP & WARDROP, P.C.
Attorneys for Plaintiff

Date: May 17, 2018

By: _____
Thomas M. Wardrop (P38268)
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 459-1225
mac@wardroplaw.com

803336.051518.Brief